CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
RKu
JAN 0 6 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICK EARL FRANCIS, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | Civil Action No. 7:05CV00789<br><br>MEMORANDUM OPINION<br><br>By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

The petitioner, Patrick Earl Francis, a federal inmate proceeding pro se, has filed a motion that the petitioner styles as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Upon review, I believe that the motion should be construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Because the petitioner has already filed § 2255 motions challenging the same conviction and sentence, the petitioner's motion must be dismissed as successive.

On December 9, 1994, a jury convicted the petitioner of one count of conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846, and one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a). The petitioner's convictions were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. Court records indicate that the petitioner has previously filed three § 2255 motions challenging the same convictions and/or sentence. See Civil Action No. 7:99CV00420; Civil Action No. 7:04CV00250; and Civil Action No. 7:05CV00363.

In his present motion under Rule 60(b), the petitioner argues that the indictment in his criminal case should be dismissed for failure to allege a particular quantity of cocaine base. The petitioner also argues that his sentence is unconstitutional in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Because the

petitioner's motion directly attacks his convictions and sentence, it must be construed as a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). As a successive § 2255 motion, the petitioner's motion falls under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to this statute, the court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255, ¶8. Since the petitioner has not submitted any evidence of having obtained certification from the Fourth Circuit to file a successive § 2255 motion, the petitioner's current motion must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 6th day of January, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

2